# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>   Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, et al.,<br><br>   Defendants. | Case No. 2:24-cv-01792-GMN-MDC<br><br>ORDER DISMISSING AND CLOSING CASE |

This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On October 2, 2024, the Court ordered Plaintiff Tyrone Nunn to pay the full $405 filing fee for this action or file a complete *in forma pauperis* application by December 2, 2024. (ECF No. 3). That deadline expired without payment of the filing fee or a complete *in forma pauperis* application by the plaintiff. Nunn instead filed a document titled "in forma pauperis" that simply states "28 U.S.C. § 1915a." (ECF No. 5).

## I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources. Indeed, Nunn has filed over 80 pro se lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because, like here, Nunn failed to correct fundamental defects with them like filing a single, signed complaint and either paying the filing fee or filing a complete application to proceed *in forma pauperis*. *See, e.g.*, *Nunn v. Dep't of Corr.*, Case No. 3:24-cv-00050-ART-CLB, ECF No. 4 (D. Nev. Nov. 20, 2024) (collecting cases). Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

---

[1] The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

## II. CONCLUSION

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to address the matter of the filing fee in compliance with the Court's order. The Clerk of Court is kindly directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Tyrone Nunn wishes to pursue his claims, he must file a complaint in a new case and either apply for *in forma pauperis* status or pay the required filing fee for that action.

**DATED** this __6__ day of _____January_____, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT